**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Lenoris Willard, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-656-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 1, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this *pro se* action attacking his guilty plea and sentence. On April 25, 2005, the government moved for summary judgment. On April 26, 2005, the Court issued a Roseboro order, advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must respond within 34 days of the date of the order. On December 20, 2005, the Court ordered the petitioner to respond to the government's motion for summary judgment within 30 days. To this date, the petitioner has not responded. This matter is now before the Court for disposition.

**I. Petitioner's Allegations and Procedural History**

On April 23, 2003, the petitioner in this case was named in one count of a twelve-count indictment that charged him with conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On July 10, 2003, the petitioner pled guilty. The petitioner was held responsible for 3.9 kilograms of crack cocaine. Therefore, his base offense level was 38. He received a three point reduction for acceptance of responsibility, resulting in a total offense level of 35. He received 4 criminal history points

resulting in a criminal history category of III.  This resulted in a guideline range of imprisonment of 210 - 262 months.  However, due to the petitioner's prior conviction, he received a two point enhancement because he was on probation during the commission of the offense to which he entered a guilty plea.  As a result, he faced a mandatory minimum sentence of 240 months.  Therefore, his guideline range became 240 - 262 months.

At sentencing on March 10, 2004, the government made a motion for downward departure because of the petitioner's substantial assistance.  The Court granted the government's motion, and sentenced the petitioner to 100 months imprisonment followed by 5 years of supervised release.  On March 12, 2004, judgment was entered.  On March 1, 2005, the petitioner timely filed this petition pursuant to Title 28, United States Code, Section 2255 and a memorandum in support of his petition.

The petitioner raises the following allegations in his memorandum in support of his motion to vacate the sentence, pursuant to 28 U.S.C. § 2255: (1) counsel was ineffective for failing to file a notice of appeal, (2) counsel was ineffective for failing to present certain evidence at the sentencing hearing, (3) counsel was ineffective for failing to object to the U.S.S.G. § 4A1.1(d) enhancement, and (4) newly developed case law requires reversal of the sentence.

### A.  Ineffective Assistance of Counsel

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a

violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that her attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

### 1. Counsel Failed to File a Notice of Appeal

The petitioner claims that his counsel was ineffective because he failed to file a notice of appeal. The Supreme Court has directed courts to use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for

failing to file a notice of appeal.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).  "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed."  United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (*citing* Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *See* Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (*citing* Rodriquez v. United States, 395 U.S. 327 (1969)).  Moreover, a petitioner who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit.  Flores-Ortega, 528 U.S. at 485 (*citing* Rodriquez, 395 U.S. at 330).

In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal.  Here, the petitioner cannot make this showing.  Although the petitioner alleges that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner did not object at sentencing.  This tends to show that his discontent with the legality of his sentence arose after the 10 day period to file a notice of appeal expired.  Flores-Ortega, 528 U.S. at 485 (noting that "only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an

appeal").

Second, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. As this order reveals, the petitioner raises no meritorious objections to his sentence, a fact cutting against the petitioner's assertion that he instructed counsel to file an appeal.[1]

Third, counsel disputes the petitioner's claim that he requested an appeal in his sworn affidavit. In the affidavit, counsel states that he informed the petitioner that he had 10 days to appeal his sentence but that the petitioner never stated that he wished counsel to appeal his sentence. The Court finds that counsel was successful in obtaining a favorable outcome for the petitioner, given the severity of the charges he faced. The petitioner cannot demonstrate that "but for counsel's deficient performance, he would have appealed." Id. at 484. Therefore, "counsel's deficient performance has not deprived him of anything and he is not entitled to relief." Id.

Fourth, the Supreme Court states that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the

---

[1] The implication of Flores-Ortega is that a petitioner who can show that counsel disregarded his instructions to file an appeal has, by this showing alone, made out a case for ineffective assistance, because he has shown deficiency and prejudice in this situation is presumed. 528 U.S. at 477. Despite the fact that this hypothetical petitioner need not show that his appeal would have had merit, id., the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place.

scope of potentially appealable issues and because such a plea may indicate that the defendant seeks and end to judicial proceedings." Id.  Considering the fact that the petitioner faced a sentence of a mandatory minimum of 240 months, and that through the guidance of his attorney, he was able to receive a downward departure to 100 months in this case, it is not likely that the petitioner desired to appeal his case.

The petitioner has failed to establish that he received ineffective assistance of counsel based on his assertion that he told his attorney to appeal and that his attorney failed to do so. The government is therefore entitled to summary judgment on this issue.

### 2.  Counsel Failed to Object to the U.S.S.G. 4A1.1(d) Enhancement

The petitioner asserts that counsel was ineffective because he failed to object to the U.S.S.G. § 4A1.1(d) enhancement despite having evidence available to him that would have resulted in the enhancement not being imposed.  In order to impose a sentence enhancement under U.S.S.G. § 4A1.1(d) the government must prove that "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  The petitioner argues in his petition that he should not have received the two point enhancement because his probation expired on May 6, 1998.

In the present case, the petitioner pled guilty to a conspiracy that began on January 1, 1986 and continued up to and including April 23, 2003, the date of the indictment.  Therefore, he was on probation during the commission of the offense to which he entered the guilty plea.  The two point enhancement to his criminal history category was appropriately applied to the petitioner in this case.  The government is entitled to summary judgment on this issue.

### B. Newly Developed Case Law Requires Reversal of the Sentence

#### 1. United States v. Booker

The petitioner claims that her sentence violates United States v. Booker, 543 U.S. 220 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. The petitioner's sentence became final in March of 2004 "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id. The petitioner has not shown prejudice, and she is not entitled to relief on this claim.

The Court hereby grants the government's motion for summary judgment and dismisses the petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 5, 2007
Charleston, South Carolina